# EXHIBIT A

1 | CDF LABOR LAW LLP
    Todd R. Wulffson, State Bar No. 150377
2 |     twulffson@cdflaborlaw.com
    Ashley A. Halberda, State Bar No. 272762
3 |     ahalberda@cdflaborlaw.com
    Alessandra C. Whipple, State Bar No. 308348
4 |     awhipple@cdflaborlaw.com
    Osaama Saifi, State Bar No. 309172
5 |     osaifi@cdflaborlaw.com
18300 Von Karman Avenue, Suite 800
6 | Irvine, CA 92612
Telephone:  (949) 622-1661
7 |
8 | Attorneys for Defendants and Counterclaimants
NEW AMERICAN FUNDING, LLC f/k/a BROKER
SOLUTIONS, INC. dba NEW AMERICAN FUNDING;
9 | BRIAN SKARG; AMANDA BENSON; RYAN GEE and
JOSHUA SAVEA
10 |

11 | **UNITED STATES DISTRICT COURT**

12 | **NORTHERN DISTRICT OF CALIFORNIA**

13 |

| | |
|---|---|
| 14  FBC MORTGAGE, LLC, a Florida limited liability company, | ) Case No. 3:23-cv-00143-CRB |
| 15 | ) |
|           Plaintiff, | ) Assigned for All Purposes To: |
| 16      v. | ) Judge: Hon. Charles R. Breyer |
| | ) Ctrm:   6 |
| 17  BROKER SOLUTIONS, INC. dba NEW | ) |
|     AMERICAN FUNDING, a California | ) **BRIAN SKARG, AMANDA BENSON,** |
| 18  corporation; BRIAN SKARG, an individual; | ) **RYAN GEE AND JOSHUA SAVEA'S** |
|     AMANDA BENSON, an individual; RYAN | ) **COUNTERCLAIM AGAINST FBC** |
| 19  GEE, an individual; JOSHUA SAVEA, an | ) **MORTGAGE, LLC** |
|     individual; and DOES 1 through 20, | ) |
| 20 | ) |
|          Defendants. | ) |
| 21 | ) |
| | ) |
| 22  BRIAN SKARG; AMANDA BENSON; | ) |
|     RYAN GEE and JOSHUA SAVEA, | ) |
| 23 | ) |
|          Counterclaimants, | ) |
| 24      v. | ) |
| | ) |
| 25  FBC MORGAGE, LLC, | ) |
| | ) |
| 26         Counterdefendants. | ) |
| 27 | |

28

2307692.1

Defendants and Counterclaimants BRIAN SKARG; AMANDA BENSON; RYAN GEE and JOSHUA SAVEA (collectively "Individual Defendants" or "Counterclaimants") bring this Counterclaim against Plaintiff and Counterdefendant FBC MORTGAGE, LLC ("FBC") and Roes 1 through 5, inclusive, and alleges as follows:

## I. PARTIES

1.      Defendant and Counterclaimant Skarg is an individual who is a resident of Rocklin, California and was formerly employed as a Mortgage Loan Originator for FBC.

2.      Defendant and Counterclaimant Benson is an individual who is a resident of El Dorado Hills, California and was formerly employed as a Mortgage Loan Originator for FBC.

3.      Defendant and Counterclaimant Gee is an individual who is a resident of Rocklin, California and was formerly employed as a Mortgage Loan Originator for FBC.

4.      Defendant and Counterclaimant Savea is an individual who is a resident of Roseville, California and was formerly employed as a Mortgage Loan Originator for FBC.

5.      Individual Defendants/Counterclaimants are informed and believe that FBC is a domestic corporation organized and existing under the laws of the State of Florida, with its principal place of business located at 189 South Orange Avenue, Suite 970, Orlando, Florida 32801.

6.      The true names and capacities, whether a corporation, agent, individual, or otherwise, of Counterdefendants Roes 1 through 5, are unknown to the Individual Defendants/Counterclaimants who therefore sues said Counterdefendants by such fictitious names.  Each Counterdefendant designated herein as a "Roe" is negligently or otherwise legally responsible in some manner for the events and happenings referred to in this Counterclaim and thereby proximately caused injuries and damages to the Individual Defendants/Counterclaimants as alleged.  the Individual Defendants/Counterclaimants will seek leave of Court to amend this Counterclaim to show their names and capacities when they have been ascertained.

7.      At all material times, Roes 1 through 5 were the agents, representatives, employees, successors and/or assigns of FBC and were acting within the course and scope of their authority as such agents, representatives, employees, successors and/or assigns.

CDF Labor Law LLP

2307692.1

Case No.  3:23-cv-00143-CRB
COUNTERCLAIM AGAINST FBC
MORTGAGE, LLC
EXHIBT A - Page 5

## II.  JURISDICTION

8.      Pursuant to 28 U.S.C. §1367(a), this Court has supplemental jurisdiction over all the claims alleged in the Counterclaim.  The claims arise from the same common nucleus of operative facts as the Complaint filed by FBC against the Individual Defendants/Counterclaimants in this Court on January 11, 2023, such that the Employment Agreements entered into between the Individual Defendants and FBC are at issue.  Accordingly, all the claims form part of the same case or controversy under the Federal Rules of Civil Procedure, Rule 13.

## III.  VENUE

9.      Venue is proper in the above-entitled Court, because all of the acts and omissions giving rise to the causes of action in this Counterclaim occurred or arose in this District.

## IV.  GENERAL ALLEGATIONS AND FACTUAL BACKGROUND

10.     On July 25, 2019, FBC and Skarg entered into an Employment Agreement. The Employment Agreement is a valid, enforceable, and binding written contract, a copy of which is attached as Exhibit A to FBC's Complaint (ECF No. 7-1), and which is made a part hereof and incorporated herein by reference.

11.     On October 29, 2019, FBC and Benson entered into an Employment Agreement. The Employment Agreement is a valid, enforceable, and binding written contract, a copy of which is attached as Exhibit B to FBC's Complaint (ECF No. 7-2), and which is made a part hereof and incorporated herein by reference.

12.     On May 5, 2022, FBC and Gee entered into an Employment Agreement. The Employment Agreement is a valid, enforceable, and binding written contract, a copy of which is attached as Exhibit C to FBC's Complaint (ECF No. 7-3), and which is made a part hereof and incorporated herein by reference.

13.     On July 27, 2020, FBC and Savea entered into an Employment Agreement. The Employment Agreement is a valid, enforceable, and binding written contract, a copy of which is attached as Exhibit D to FBC's Complaint (ECF No. 7-4), and which is made a part hereof and incorporated herein by reference.

14.     The Individual Defendants/Counterclaimants were employed by FBC as loan officers

in Northern California.   During their employment, between 2019 and 2022, the Individual

Defendants/Counterclaimants entered into the aforementioned Employment Agreements with FBC

which contain various covenants designed solely to restrain the Individual

Defendants/Counterclaimants' ability to practice their chosen vocation ("Employment

Agreements").  In particular, the Employment Agreements contain the following provisions:

> 8. License Expenses and Signing Bonuses.  Employee does hereby understand and agree that in the event Employee voluntarily terminates employment within 12 months of the date of hire, Employee shall repay Employer any licensing expenses paid by FBC, signing bonuses or guarantees paid to the Employee. Any violation of the terms or conditions of this Agreement, including but not limited to, soliciting employees to leave FBC, *applying for outside employment*, telling others that you plan to leave FBC, violating FBC policies and procedures, etc. would be considered voluntarily terminating your employment with FBC and this provision would apply. In the event Employee voluntarily terminates employment at any time, the Employee shall reimburse Employer for any and all amounts outstanding and due Employer at time of Employee's voluntary termination.

> 14. Covenants Not to Solicit or Disclose
> a. The Employee agrees that during the period of time the Employee is retained to provide services to FBC, and thereafter for a period of one year subsequent to the termination of Employee's services to FBC for any reason whatsoever, the Employee will not (a) solicit for employment by Employee, or anyone else, or employ any employee of FBC or any person who was an employee of FBC within 12 months prior to such solicitation of employment; (b) induce, or attempt to induce, any employee of FBC to terminate such employee's employment; *(c) induce, or attempt to induce, anyone having a business relationship with FBC to terminate or curtail such relationship or, on behalf of himself or anyone else, compete with FBC;* (d) knowingly make any untrue statement concerning FBC or its directors or Employees to anyone; or (e) permit anyone controlled by the Employee, or any person acting on behalf of the Employee or anyone controlled by an employee of the Employee to do any of the foregoing.
> * * *

> Additionally, *Employee has not directly or indirectly solicited, hired, induced, encouraged, or assisted any other individual or entity to solicit any borrower or other customer of Employee's former employer(s) for a mortgage loan, insurance or other financial services products, or for any service or product that would be in competition with those services and products provided, offered, sold or leased by Employee's former employer(s) or its affiliates, which would violate any non-compete* or non-solicitation agreement(s) Employee may be subject to, without the prior written consent of Employee's former employer(s). (*See,* ECF Nos. 7-1, 7-2,

4

Case No.  3:23-cv-00143-CRB
COUNTERCLAIM AGAINST FBC
MORTGAGE, LLC
EXHIBT A - Page 7

CDF Labor Law LLP

2307692.1

7-3, 7-4) (emphases added).

15.     The Individual Defendants/Counterclaimants resigned their employment with FBC in or around November 2022, and thereafter began working for Defendant New American Funding, LLC f/k/a Broker Solutions, Inc. dba New American Funding ("NAF").  (*See* FAC, ECF No. 7, ¶ 22).

16.     Following the resignation of their employment, FBC began a campaign to intimidate the Individual Defendants/Counterclaimants from practicing their vocation and stifling fair competition. Beginning in and around November 2022, FBC sent letters to the Individual Defendants/Counterclaimants designed to prevent these loan agents from participating in the mortgage industry, including restricting their ability to communicate with business relationships and contacts that the Individual Defendants/Counterclaimants established prior to their employment with FBC.

17.     Rather than engage in fair competition, FBC filed its Complaint on or about January 11, 2023 against NAF and the Individual Defendants/Counterclaimants, and filed a First Amended Complaint on or about January 18, 2023.

18.     The Individual Defendants/Counterclaimants are informed and believe that FBC committed other wrongful acts or omissions of which the Individual Defendants/Counterclaimants are presently unaware.  The Individual Defendants/Counterclaimants shall conduct discovery to identify said wrongful acts, and will seek leave of Court to amend this Counterclaim to add said acts upon discovery.

## V.   FIRST CAUSE OF ACTION

### Unfair Business Practices in Violation of

### *Business & Professions Code* section 16600, *et seq.*

19.     The Individual Defendants/Counterclaimants incorporate by reference the allegations in the above paragraphs as though fully set forth herein.

20.     FBC's Employment Agreements with the Individual Defendants/Counterclaimants and FBC's subsequent efforts to enforce those Employment Agreements effectively restrain the Individual Defendants/Counterclaimants from engaging in their lawful profession, trade, or business.

21.     FBC's Employment Agreements with the Individual Defendants/Counterclaimants

CDF Labor Law LLP

2307692.1

1  are void and unenforceable as drafted as they restrict and/or restrain the Individual
2  Defendants/Counterclaimants from participating in their vocation.

3       22.     Effective, January 1, 2024, *Business & Professions Code* section 16600 was amended
4  to make it unlawful to include a noncompete clause in an employment contract, and as a result, FBC's
5  inclusion of, attempt to enforce, and use of the restrictive covenants in the Employment Contracts is
6  unlawful.

7       23.     As a direct and proximate result of FBC's unlawful Employment Agreements, and the
8  non-competition provisions and restrictive covenants therein, the Individual
9  Defendants/Counterclaimants have incurred damages and attorneys' fees as a result of FBC's
10  conduct and attempt to enforce void Employment Agreements.

11  ## VI.  SECOND CAUSE OF ACTION

12  ### Unfair Business Practices in Violation of

13  ### *Business & Professions Code section* **17200**, *et seq.*

14       24.     The Individual Defendants/Counterclaimants incorporate by reference the allegations
15  in the above paragraphs as though fully set forth herein.

16       25.     FBC by and through its agents has engaged in business acts or practices that are
17  unlawful, unfair, or fraudulent.  FBC has also intentionally interfered with the Individual
18  Defendants/Counterclaimants' ability to participate in their profession.

19       26.     The Individual Defendants/Counterclaimants are likely to be unfairly disadvantaged
20  by FBC's attempted enforcement of the void Employment Agreements, because these Employment
21  Agreements restrict competition and prevent the Individual Defendants/Counterclaimants from
22  participation in the mortgage industry – their chosen profession.

23       27.     *Business & Professions Code* section 16600.1 make the inclusion of a noncompete
24  agreement in an employment contract an act of unfair competition within the meaning of *Business &*
25  *Professions Code* section 17200.

26       28.     The Individual Defendants/Counterclaimants are informed and believe that FBC's
27  above-described wrongful conduct is ongoing, and that the Individual Defendants/Counterclaimants
28  will suffer irreparable harm if FBC is not prevented from continuing to engage in such conduct.  As

CDF Labor Law LLP

2307692.1

Case No.  3:23-cv-00143-CRB
COUNTERCLAIM AGAINST FBC
MORTGAGE, LLC
EXHIBT A - Page 9

1    a result, injunctive relief and restitution are required in order to prevent any further harm to the

2    Individual Defendants/Counterclaimants.

3                          **VII.  PRAYER FOR RELIEF**

4            WHEREFORE, Individual Defendants/Counterclaimants respectfully request:

5            1.       For injunctive and declaratory relief;

6            2.       For restitution;

7            3.       For special, compensatory, incidental, consequential and nominal damages;

8            4.       For reasonable attorneys' fees and costs of suit; and

9            5.       For such other and further relief as the Court may deem proper.

10

11   Dated:  November 28, 2023              CDF LABOR LAW LLP

12

13                                          By: _____

14                                                   Todd R. Wulffson
                                            Attorneys for Defendants
15                                          NEW AMERICAN FUNDING, LLC f/k/a BROKER
                                            SOLUTIONS, INC. dba NEW AMERICAN FUNDING;
16                                          BRIAN SKARG; AMANDA BENSON; RYAN GEE and
                                            JOSHUA SAVEA
17

18

19

20

21

22

23

24

25

26

27

28

CDF Labor Law LLP

2307692.1