| | |
|---|---|
| 1 | CDF LABOR LAW LLP |
| |    Todd R. Wulffson, State Bar No. 150377 |
| 2 |    twulffson@cdflaborlaw.com |
| |    Ashley A. Halberda, State Bar No. 272762 |
| 3 |    ahalberda@cdflaborlaw.com |
| |    Alessandra C. Whipple, State Bar No. 308348 |
| 4 |    awhipple@cdflaborlaw.com |
| |    Osaama Saifi, State Bar No. 309172 |
| 5 |    osaifi@cdflaborlaw.com |
| | 18300 Von Karman Avenue, Suite 800 |
| 6 | Irvine, CA 92612 |
| | Telephone: (949) 622-1661 |

Attorneys for Defendants
NEW AMERICAN FUNDING, LLC f/k/a BROKER SOLUTIONS, INC. dba NEW AMERICAN FUNDING; BRIAN SKARG; AMANDA BENSON; RYAN GEE and JOSHUA SAVEA

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FBC MORTGAGE, LLC, a Florida limited liability company, | Case No. 3:23-cv-00143-CRB |
|         Plaintiff, | Assigned for All Purposes To: Judge: Hon. Charles R. Breyer |
|   v. | Ctrm: 6 |
| BROKER SOLUTIONS, INC. dba NEW AMERICAN FUNDING, a California corporation; BRIAN SKARG, an individual; AMANDA BENSON, an individual; RYAN GEE, an individual; JOSHUA SAVEA, an individual; and DOES 1 through 20, | **DEFENDANTS' OPPOSITION TO PLAINTIFF FBC MORTGAGE, LLC'S SECOND MOTION TO COMPEL DEFENDANTS BROKER SOLUTIONS, INC. DBA NEW AMERICAN FUNDING, BRIAN SKARG, AMANDA BENSON, RYAN GEE, AND JOSHUA SAVEA'S FURTHER RESPONSES TO PLAINTIFF'S REQUESTS FOR PRODUCTION, SET ONE** |
|         Defendants. | Date: TBD |
| | Time: TBD |
| | Ctrm: 6 |

**TABLE OF CONTENTS**

**Page**

I. INTRODUCTION ..................................................................................................................4

II. RELEVANT BACKGROUND ............................................................................................5

    A. Events Leading Up to Plaintiff's Motion to Compel ................................................5

    B. Events Following Plaintiff's Motion to Compel .......................................................8

III. LEGAL ARGUMENT .........................................................................................................10

    A. Defendants Have Complied With The Magistrate's February 20, 2024 Order .................................................................................................................10

    B. Defendants Have Complied With The Magistrate's June 11, 2024 Order .......................................................................................................................11

    C. Defendants Have, in Good Faith, Produced Responsive Documents in Accordance with the Court's Orders .......................................................................13

    D. Plaintiff's Request For Attorneys' Fees And Sanctions Should Be Denied ......................................................................................................................14

IV. CONCLUSION ...................................................................................................................15

# TABLE OF AUTHORITIES

**Page(s)**

**Federal Cases**

*Hash v. Cate*, No. C 08–03729 MMC (DMR), 2012 WL 6043966 (N.D. Cal. Dec. 5, 2012) .................................................................................................................. 11

*Louen v. Twedt*, 236 F.R.D. 502 (E.D. Cal. 2006) ................................................................. 10, 13

*Octane Fitness LLC v. ICON Health & Fitness Inc.*, 134 S. Ct. 1749 (2014) ............................... 14

*Scott v. Palmer*, No. 1:09-cv-01329-LJO-SKO, 2014 WL 6685810 (E.D. Cal. Nov. 25, 2014) ................................................................................................................. 10

**Federal Rules**

Federal Rules of Civil Procedure 34................................................................................................ 11

Federal Rules of Civil Procedure 37(a)(5)(A) ............................................................................... 14

Federal Rules of Civil Procedure 37(b)(2)(A) ............................................................................... 14

## I. INTRODUCTION

Defendants NEW AMERICAN FUNDING, LLC f/k/a BROKER SOLUTIONS, INC. dba NEW AMERICAN FUNDING ("NAF"), BRIAN SKARG, AMANDA BENSON, RYAN GEE and JOSHUA SAVEA ("Individual Defendants") (collectively, "Defendants") hereby oppose Plaintiff FBC MORTGAGE, LLC's ("Plaintiff" or "FBC") (collectively, the "Parties") deficient Second Motion to Compel Further Responses to certain document requests in Plaintiff's Request for Production of Documents, Set One ("Motion") (Dkt. 121).

Plaintiff brings, yet again, another discovery Motion in a blatant waste of this Court and the Parties' time and resources. If Plaintiff had spent a scintilla of the time that it has spent on its various Motions to Compel and Motions for Attorneys' Fees to actually meet and confer in good faith, then Plaintiff's discovery disputes would surely have been resolved by now. Yet, Plaintiff falls back on its comfortable narrative of Defendants being unwilling to engage in good faith discovery for the past eleven months. Plaintiff further argues, in its apparent all-or-nothing view, that Defendants have produced absolutely nothing responsive in this matter. Nevertheless, Defense counsel has always been, and remains, willing to engage in good faith meet and confer with Plaintiff's counsel.

Defendants expressly maintain that they are not withholding any documents or information, are not deleting or manipulating any documents or information, and are not engaging in bad faith tactics to prevent Plaintiff from gaining access to any documents or information. In fact, over the course of discovery, Defendants have provided fulsome written discovery responses and produced over 2400 pages of documents responsive to Plaintiff's various discovery requests, which include documents and communications concerning Defendants' loan details, credit pulls, compensation plans, and client information, among other documents and information. Now, to further appease Plaintiff, Defendants are producing text message communications in their native format, namely Relativity Short Message Format ("RSMF"). Yet, despite these efforts and anticipated production (which requires the services of a third-party vendor), Plaintiff still brings forth another Motion to compel documents it already has and will receive via the RSMF production.

Plaintiff's Motion fails, and must be denied, for the following reasons:

- Defendants have complied with the Court's February 20, 2024 and June 11, 2024 Orders instructing Defendants to provide supplemental responses and documents to Plaintiff's various discovery disputes, and meet and confer on the means of producing text message communications in "native format."

- Defendants have, in fact, produced responsive documents in accordance with the Court's Orders and their discovery obligations.

Accordingly, Defendants request that Plaintiff's Motion, including Plaintiff's baseless request for $26,299 in monetary sanctions and $26,299 in attorneys' fees, be denied in its entirety.

## II. RELEVANT BACKGROUND

This case involves a multi-count Complaint where Plaintiff alleges that Defendants solicited its employees and misappropriated its trade secrets to unfairly compete against it in the mortgage industry. This conduct purportedly resulted in Defendants' interference with Plaintiff's contractual relationships and economic advantage causing alleged harm to Plaintiff.

The following timeline is illustrative of the events from August 2023, when Plaintiff served its discovery, to August 2024, when Plaintiff filed this Motion:

**A.     Events Leading Up to Plaintiff's Motion to Compel.**

- **August 21, 2023**: *Plaintiff served its Request for Production of Documents, Set One ("RFPD") on NAF and the Individual Defendants*. (Declaration of Osaama Saifi in Support of Defendants' Opposition to Plaintiff's Motion ("Saifi Decl."), ¶ 2, Ex. A).

- **September 13, 2023**: Plaintiff and Defense counsel discussed a stay on all pending discovery due to the Parties' pending mediation set for November 2, 2023 and Defendants' Motion to Compel Arbitration. (Saifi Decl., ¶ 3, Ex. B).

- **September 20, 2023**: *NAF and the Individual Defendants timely provided objections to Plaintiff's RFPD during the pendency of the Parties' mediation and Defendants' Motion to Compel Arbitration*. (Saifi Decl., ¶ 4, Ex. C).

- **October 19, 2023**: Defendants' Motion to Compel Arbitration was denied. (Dkt. 65).

- **November 2, 2023**: The matter failed to resolve at the Parties' Mediation. (Saifi Decl., ¶ 5, Ex. D). Later that day, Plaintiff's counsel sent a meet and confer correspondence regarding

Defendants' responses to Plaintiff's RFPD. *Id*.

- **November 7, 2023**: Defense counsel responded that it sought to limit the time and scope of Plaintiff's RFPD because Plaintiff sought a grossly overbroad amount of credit pulls, loan applications, loan agreements, and communications. (Saifi Decl., ¶ 6, Ex. E).

- **November 30, 2023**: *In the midst of the Parties' meet and confer correspondences to informally resolve Plaintiff's discovery disputes, Plaintiff prematurely filed a discovery dispute with the Court*. (Dkt. 67).

- **December 11, 2023**: Plaintiff and Defense counsel conducted a meet and confer telephonic conference, wherein Defense counsel agreed to supplement all of Defendants' responses to Plaintiff's RFPD by December 22, 2023. (Saifi Decl., ¶ 7, Ex. F).

- **December 22, 2023**: *Defendants provided timely supplemental responses to Plaintiff's RFPD*. (Saifi Decl., ¶ 8, Ex. G).

- **February 5, 2024**: Plaintiff's counsel sent a meet and confer correspondence regarding Defendants' supplemental responses to Plaintiff's RFPD. (Saifi Decl., ¶ 9, Ex. H).

- **February 12, 2024**: Defense counsel responded to Plaintiff's meet and confer correspondence stating that it was in the process of reviewing Defendants' alleged deficiencies. (Saifi Decl., ¶ 10, Ex. I). Later that day, *Plaintiff's counsel indicated that it was not willing to wait for Defendants to further investigate and that it would be informing the Court*. *Id*.

- **February 20, 2024**: The Court conducted a discovery conference and held that the Parties would meet and confer regarding the scope of Plaintiff's RFPD, particularly Nos. 5-6, 14-21, and 24-56. (Dkt. 89).

- **March 6, 2024**: The Parties agreed that Defense counsel would provide supplemental responses and documents, and would be willing to further supplement to the extent Plaintiff's RFPD's are narrowed in scope. (Saifi Decl., ¶ 11, Ex. J).

- **March 15, 2024**: *NAF provided a timely supplemental response to Plaintiff's RFPD*. (Saifi Decl., ¶ 12, Ex. K).

- **March 19, 2024**: The Magistrate held a discovery conference to resolve Defendants'

discovery dispute regarding Plaintiff's third-party subpoenas, which tangentially covered Plaintiff's discovery dispute regarding Plaintiff's RFPD.  (Dkt. 94; Saifi Decl., ¶ 1, Ex. L).  In addition, the ***Magistrate required that Plaintiff exhaust the discovery process, including adequate meet and confer efforts, prior to bringing any discovery disputes***.  (*Id*., at p. 4-6).  Ignoring the Magistrate's order, ***Plaintiff's counsel informed Defense counsel that it was moving to compel NAF's responses to Plaintiff's RFPD***.  (Saifi Decl., ¶ 13, Ex. L at p. 5-6).

- **March 20, 2024**:  Defense counsel informed Plaintiff that moving to compel was, again, premature given that the ***Parties were actively meeting and conferring about NAF's responses to Plaintiff's RFPD***.  (Saifi Decl., ¶ 13, Ex. L at p. 4-5)

- **March 22, 2024**:  Plaintiff's counsel replied, "***[n]o further meet and confer is required, and we will be moving to compel and seeking sanction***."  (Saifi Decl., ¶ 13, Ex. L at p. 2-4).

- **March 26, 2024**:  ***NAF provided Plaintiff with a supplemental document production that included all of the Individual Defendants' credit pulls while employed at NAF***.  (Saifi Decl., ¶ 14, Ex. M).

- **April 4, 2024**:  ***Defense counsel, again, attempted to continue meeting and conferring*** about its alleged discovery deficiencies, and even explained that it had produced documents in their native format and have provided unredacted versions of loan documents.  (Saifi Decl., ¶ 13, Ex. L at p. 1-2).

- **April 5, 2024**:  In Plaintiff counsel's meet and confer correspondence to Defendants, Plaintiff maintained that the text message screenshots and the unredacted loan documents remained insufficient because they were not produced in their "native format," ***ignoring Defendants' counsel inquiry on how the text messages could be produced in their "native format."***  (Saifi Decl., ¶ 13, Ex. L at p. 1 ["Parties routinely produce text messages in native format"]).  Rather than meeting and conferring, Plaintiff's counsel simply stated that the motion to compel was their only avenue.  *Id*.

- **May 2, 2024**:  ***Plaintiff filed its Motion to Compel Further Responses to Plaintiff's***

***Request for Production of Documents, Set One, Nos. 1-4, 12-13, and 23-34***.  (Dkt. 97).

**B.      Events Following Plaintiff's Motion to Compel.**

- **May 22, 2024**: *NAF provided a supplemental document production*, which included incomplete text messages and emails amongst and between the Individual Defendants and FBC's alleged clients.  (Saifi Decl., ¶ 15, Ex. N).

- **June 11, 2024**:  The Magistrate held a discovery conference on Plaintiff's Motion to Compel, wherein he *granted in part and denied in part* Plaintiff's Motion to Compel[1]. (Dkt. 106).  The Magistrate's Order permitted Plaintiff to file its initial Motion for Attorneys' Fees and requested that the ***Parties meet and confer on Plaintiff's "native format" dispute***.  *Id*.  Later that day, Defense counsel sent a meet and confer correspondence informing Plaintiff's counsel that it would further supplement its document production in accordance with the Court's Order and ***requested that Plaintiff identify the format of "native format," including any known vendors that could help with extracting and producing in the requested format***.  (Saifi Decl., ¶ 16, Ex. O at p. 9).  Plaintiff's counsel parroted the same statement that "Defendants are required to… extract and produce text messages in native format, which parties routinely do in litigation across the country on a daily basis," but that they would ***inquire with their litigation support team for vendors***. (*Id*., at p. 8-9).

- **June 14, 2024**:  *NAF provided a timely supplemental document production*, which included unredacted versions of the previously provided offer letters and commission plans for the Individual Defendants.  (Saifi Decl., ¶ 17, Ex. P).

- **June 18, 2024**:  Having not heard from Plaintiff's counsel, Defense counsel followed up with Plaintiff's counsel about vendors and format for producing documents in "native format."  (Saifi Decl., ¶ 16, Ex. O at p. 7-8).  Additionally, ***Plaintiff filed its Motion to for***

---

[1] Plaintiff's Motion to Compel was *not* granted in its entirety.  Magistrate Judge Robert M. Illman's June 11, 2024 Order neither granted nor denied Plaintiff's Motion to Compel Defendants' further response to RFPD No. 31.  Accordingly, Defendants maintain that they complied with RFPD No. 31 by producing the requested value of any completed or closed loan contacts or accounts by NAF and the Individual Defendants.

1 | *Attorneys' Fees*.  (Dkt. 112).

- **June 19, 2024**: *Plaintiff's counsel, <u>finally</u>, informed Defense counsel that they considered "native format" as being in Relativity Short Message Format (RSMF)*, and provided Defense counsel with a standard production specifications document entitled "Foley Production Specifications_Revised."  (*Id*., at p. 6).

- **June 20, 2024**: Defense counsel requested a quote from Relativity and Forensic Discovery.  (Saifi Decl., ¶ 16, Ex. O at p. 4).  Relativity later provided a quote of $12,000 to produce text messages in RSMF.  (Saifi Decl., ¶ 19).  Since then, Defense counsel was able to reduce Relativity's quoted price from $12,000 to $9,600.  *Id*.

- **June 25, 2024**: *NAF provided a timely supplemental document production*, which included Individual Defendant-initiated loan applications and additional versions of NAF's employee handbook.  (Saifi Decl., ¶ 18, Ex. Q).  Defense counsel also sent a meet and confer correspondence informing Plaintiff's counsel that they are in the process of engaging a third-party vendor to produce the requested text messages in RSMF, and *requested a two-week extension to secure a vendor and produce the text messages in RSMF*.  (Saifi Decl., ¶ 16, Ex. O at p. 5-6).  *Plaintiff's counsel denied Defendant's extension*.  *Id*.

- **July 23, 2024**: The Magistrate held a discovery conference on Defendants' discovery dispute on producing text messages in RSMF.  (Dkt. 118).  The Magistrate Ordered the Parties to split the cost of producing text messages in RSMF and ordered Plaintiff to file a second Motion to Compel and Motion for Attorneys' Fees.  *Id*.

- **August 1, 2024**: *Plaintiff filed its Second Motion to Compel Further Responses to Plaintiff's Request for Production of Documents, Set One, Nos. 2-4 and 23-34 and Second Motion for Attorneys' Fees*.  (Dkts. 121, 122).

- **August 5, 2024**: In accordance with the Magistrate's Order, NAF has since executed an agreement with Relativity to review and produce the Individual Defendants' relevant text message communications in Relativity Short Message Format, and is currently in the process of collecting the Individual Defendants' cell phones.  (Saifi Decl., ¶ 19).

## III. LEGAL ARGUMENT

**A.    Defendants Have Complied With The Magistrate's February 20, 2024 Order.**

On February 20, 2024, the Magistrate issued an Order directing NAF to provide supplemental responses and documents to Nos. 1-4, 12-13, and 22-34 of Plaintiff's Request for Production of Documents, Set One. (Dkt. 89). NAF complied with the Magistrate's Order.

On March 15, 2024, NAF served Plaintiff with its verified Supplemental Responses to Plaintiff's Requests for Production of Documents, Set One. (Saifi Decl., ¶ 12, Ex. K). Subsequently, on March 26, 2024, NAF further provided Plaintiff with additional supplemental documents, including loan information and credit pulls, in response to ongoing meet and confer correspondences. (Saifi Decl., ¶ 14). NAF did not make any objections nor assert any privilege in its supplemental responses, and no documents were withheld and no documents that previously existed were deleted or manipulated. (Saifi Decl., ¶ 13, Ex. L at p. 2-4).

A party's mistrust or dislike of another party's responses is not a valid basis to compel further responses. (*See*, *e.g.*, *Scott v. Palmer*, No. 1:09-cv-01329-LJO-SKO, 2014 WL 6685810, at *3 (E.D. Cal. Nov. 25, 2014) ("While Plaintiff may be disinclined to trust Defendants' discovery responses, he is in a position no different than any other civil litigant: in the absence of legal or fact-based substantive deficiencies, he is required to accept the responses provided. Mere distrust and suspicion regarding discovery responses do *not* form a legitimate basis to further challenge responses which are facially legally sufficient; and Plaintiff is entitled neither to continue demanding additional and/or different evidence in support of discovery responses already provided nor to expand the scope of discovery beyond that sought in the initial discovery request.") (citations omitted) (emphasis in original).

Nevertheless, Plaintiff argued that Defendants employed "obvious tactics" of padding its document production with duplicative documents, despite Plaintiff clearly being entitled to "individualized, complete responses to each of the [Requests for Production] . . . , accompanied by production of each of the documents responsive to the request, ***regardless of whether the documents have already been produced***." *Louen v. Twedt*, 236 F.R.D. 502, 505 (E.D. Cal. 2006) (emphasis added). Plaintiff further argued that Defendants provided improper redactions and

1  missing documents, and went as far as alleging that Defendants intentionally deleted
2  communications. All of which was undoubtedly false.
3       In response to a request for production of documents under Rule 34 of the Federal Rules of
4  Civil Procedure, a party is to produce all relevant documents in its "possession, custody, or
5  control." A party's responses to requests for production "must be complete, explicit and
6  responsive." *Hash v. Cate*, No. C 08–03729 MMC (DMR), 2012 WL 6043966, at *2 (N.D. Cal.
7  Dec. 5, 2012).
8       As directed in the Magistrate's Order and per Defendants' discovery obligations,
9  Defendants met and conferred with Plaintiff and provided Plaintiff with all loan information, all
10 credit pulls, and all communications between the Defendants and its clients. (Saifi Decl., ¶¶ 11-14,
11 Exs. J-L). Then, in accordance with Plaintiff's all-or-nothing view, Plaintiff took issue with the
12 format of Defendants' responses and document production, which led to the Magistrate's June 11,
13 2024 Order.
14      Therefore, Defendants have complied with the Court's February 20, 2024 Order and
15 Plaintiff's Motion should be denied.
16 **B.**     <u>**Defendants Have Complied With The Magistrate's June 11, 2024 Order.**</u>
17      On June 11, 2024, the Magistrate issued an Order directing NAF to provide supplemental
18 responses and documents to Nos. 1-4, 12-13, 23-30, and 32-34 of Plaintiff's Request for Production
19 of Documents, Set One. (Dkt. 106). The Magistrate further ordered the Parties to meet and confer
20 on the means of producing text messages in native format. *Id.* NAF complied with the
21 Magistrate's Order.
22      On June 11, 2024, the same day of the Magistrate's Order, Defendants' counsel met and
23 conferred with Plaintiff's counsel about producing responsive text messages in native format,
24 specifically requesting that Plaintiff identify the format of "native format" and provide any known
25 vendors that could help with extracting and producing text messages in the requested format. (Saifi
26 Decl., ¶ 16, Ex. O at p. 9). Plaintiff's counsel spared no effort in highlighting Defense counsel's
27 ignorance in a text message's native format (*i.e.*, "Defendants are required to… extract and produce
28 text messages in native format, which parties routinely do in litigation across the country on a daily

1  basis"), but indicated that they would inquire with their litigation support team for vendors. (*Id*., at
2  p. 8-9).

3    Subsequently, on June 14, 2024, NAF provided Plaintiff with additional supplemental
4  documents, including unredacted versions of the previously provided offer letters and commission
5  plans for the Individual Defendants. (Saifi Decl., ¶ 17, Ex. P). On June 18, 2024, Defense counsel
6  followed up with Plaintiff's counsel about their inquire with their litigation support team on
7  vendors that could produce text messages in native format. (Saifi Decl., ¶ 16, Ex. O at p. 7-8).

8    The following day, on June 19, 2024, Plaintiff's counsel finally, after months of inquires,
9  informed Defense counsel that they considered a text message's "native format" to mean Relativity
10 Short Message Format, which Plaintiff's counsel had conveniently identified in a obviously
11 maintained document entitled, "Foley Production Specifications_Revised." (*Id*., at p. 6). The
12 following day, on June 20, 2024, Defense counsel contacted Relativity about engaging its services
13 to produce text messages in RSMF, which Relativity later provided a quote of $12,000 and Defense
14 Counsel was able to reduce to $9,600. (Saifi Decl., ¶ 16, Ex. O at p. 4).

15   In accordance with the Magistrate's Order, on June 25, 2024, NAF provided Plaintiff with
16 additional supplemental documents, including Individual Defendant-initiated loan applications and
17 additional versions of NAF's employee handbook. (Saifi Decl., ¶ 18, Ex. Q). Since Defense
18 counsel was in the process of securing a vendor to produce text messages in RSMF, they requested
19 a two-week extension. (Saifi Decl., ¶ 16, Ex. O at p. 5-6). Plaintiff's counsel denied Defendant's
20 extension, which required Defendants to bring a discovery dispute before the Magistrate on
21 producing text messages in RSMF. *Id*. Nevertheless, in accordance with the Magistrate's Order,
22 NAF has since executed an agreement with Relativity to review and produce the Individual
23 Defendants' text messages in RSMF, and is currently in the process of collecting the Individual
24 Defendants' cell phones. (Saifi Decl., ¶ 18).

25   Therefore, Defendants have complied with the Court's June 11, 2024 Order and Plaintiff's
26 Motion should be denied.

27 ///
28 ///

### C. Defendants Have, in Good Faith, Produced Responsive Documents in Accordance with the Court's Orders.

Plaintiff argues, albeit an over-exaggeration, that it has received no responsive documents for the following requests:

(1) "all documents, including communications, relating to *loan contacts or accounts*, up to and including completed or closed loans, opened at NAF by any of the Individual Defendants, [including the value of such loan contacts or accounts,] and *credit pulls* initiated by any of the Defendants during the relevant time" (*i.e.*, Request Nos. 1-2, 26-34);

(2) "all *communications exchanged between NAF and any Individual Defendants* and among the Individual Defendants from September 1, 2022 to the present" (*i.e.*, Request Nos. 3-4, 23);

(3) "all documents and *communications exchanged between Defendants*, on the one hand, and any *current or former clients or customers of FBC*, on the other hand, from September 1, 2022 to the present (i.e., Request Nos. 24-25); and

(4) "all documents, including communications, regarding *personnel files and compensation agreements* of any individual Defendants" (*i.e.*, Request No. 12); and "all *employee handbooks or policies* issued to any Individual Defendant" (*i.e.*, Request No. 13).

This is a blatant falsehood. Defendants provided "individualized, complete responses" to each of Plaintiff's Requests and have provided over 2400 pages of responsive documents. *Louen*, 236 F.R.D. at 505. Defendants provided fulsome responses to Plaintiff's RFPD and appropriately produced responsive documents to the extent such documents exist and are in Defendants' possession, custody or control.

Specifically, Defendants produced:

(1) loans funded, including loan amounts, and credit pulls by the Individual Defendants, including communications concerning loan contacts or accounts;

(2) communications between and amongst the Defendants, including emails and text messages;

|   |   |
|---|---|
| 1 | (3) communication between Defendants and Plaintiff's clients, including emails and text |
| 2 | messages; |
| 3 | (4) the Individual Defendants' relevant personnel documents and commission plans; and |
| 4 | (5) the Individual Defendants' operative employee handbook and associated policies and |
| 5 | acknowledgements. |

Defendants have continually searched for documents and communications related to loans and credit pulls, communications among Defendants, communications with Plaintiff's clients, personnel files and compensation agreements, and NAF's employee handbook and policies. Defendants can and have confirmed that they have produced all documents and communications in Defendant's possession. (Saifi Decl., ¶ 12, Ex. K). Defendants expressly maintain that they are not withholding any documents or information, are not deleting or manipulating any documents or information, and are not engaging in bad faith tactics to prevent Plaintiff from gaining access to any documents or information. And, in accordance with the Court's Orders, Defendants have now secured a vendor to reproduce the Individual Defendants' text message communications, which were initially produced in PDF in compliance with the Federal Rules of Civil Procedure and Plaintiff's RFPD, in the requested RSMF. (*Id*., at ¶ 19).

Therefore, Defendants have complied with the Court's Orders and Plaintiff's Motion should be denied.

### D. Plaintiff's Request For Attorneys' Fees And Sanctions Should Be Denied.

Plaintiff argues for attorneys' fees and sanctions according to Rule 37, which grants such an award unless the moving party filed the motion before attempting in good faith to obtain such discovery without court action, the nonmoving party's discovery response or objections were substantially justified, or other circumstances make such an award unjust. FRCP 37(a)(5)(A). Plaintiff also argues for such fees and sanctions according to Rule 37 for Defendants' alleged violation of the Court's Order. FRCP 37(b)(2)(A). However, a court has inherent authority to impose sanctions when a party *willfully disobeyed* a court order or "*acted in bad faith, vexatiously, or for oppressive reasons.*" *Octane Fitness LLC v. ICON Health & Fitness Inc*., 134 S. Ct. 1749, 1758 (2014) (citation omitted) (emphasis added).

Here, as discussed above, Defendants have complied with their understanding of the Magistrate's Order and their discovery obligations. For each of Plaintiff's discovery disputes that it explained to Defendants, Defendants have met and conferred, further investigated, and provided responses and supplemental responses and produced documents in good faith in compliance with the Court's Orders. (Saifi Decl., ¶¶ 11-18, Exs. J-Q). Defendants have not withheld any documents or information, have not deleted or manipulated any documents or information, and have not engaged in bad faith tactics to prevent Plaintiff from gaining access to any documents or information. Rather, Defendants remain willing to resolve Plaintiff's discovery disputes. Yet, Plaintiff has decided to waste this Court and the Parties' time and resources with this Motion, instead of using this time to meet and confer in good faith to informally resolve Plaintiff's alleged discovery disputes.

Therefore, the Court should not award Plaintiff any attorneys' fees or sanctions.

### IV. CONCLUSION

For all of these reasons, Defendants' respectfully request that Plaintiff's Motion, including the $26,299 in monetary sanctions and $26,299 in attorneys' fees, be denied in its entirety.

Dated: August 8, 2024          CDF LABOR LAW LLP

By: */s/ Ashley A. Halberda*
　　　Ashley A. Halberda
Attorneys for Defendants
NEW AMERICAN FUNDING, LLC f/k/a BROKER SOLUTIONS, INC. dba NEW AMERICAN FUNDING; BRIAN SKARG; AMANDA BENSON; RYAN GEE and JOSHUA SAVEA

# PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF ORANGE.

I, the undersigned, declare that I am employed in the aforesaid County, State of California. I am over the age of 18 and not a party to the within action. My business address is 18300 Von Karman Avenue, Suite 800, Irvine, CA 92612. On August 8, 2024, I served upon the interested party(ies) in this action the following document described as:
**DEFENDANTS' OPPOSITION TO PLAINTIFF FBC MORTGAGE, LLC'S SECOND MOTION TO COMPEL DEFENDANTS BROKER SOLUTIONS, INC. DBA NEW AMERICAN FUNDING, BRIAN SKARG, AMANDA BENSON, RYAN GEE, AND JOSHUA SAVEA'S FURTHER RESPONSES TO PLAINTIFF'S REQUESTS FOR PRODUCTION, SET ONE**

By the following method:

Eileen R. Soldon
Emma E. Soldon
FOLEY & LARDNER LLP
555 California Street, Suite 1700
San Francisco, CA 94104-1520
Tel.: (415) 434-4484

E-MAIL: eSoldon@foley.com; esoldon@foley.com;
cc: jack.doti@foley.com; tschuman@foley.com; llanglois@foley.com

For processing by the following method:

[X] **via CM/ECF (registered)**: I hereby certify I electronically filed the above-referenced document(s) and that they are available for viewing and downloading on the Court's CM/ECF system, and that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

I certify that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on August 8, 2024, at Irvine, California.

| Brenda Cardenas | /s/ Brenda Cardenas |
|---|---|
| (Type or print name) | (Signature) |

16     DEFS' OPPOSITION TO PLT'S SECOND MTC
DEFS' FURTHER RESP TO RFPD, SET ONE

CDF Labor Law LLP

4876-9132-4885.2